Judge Owsley
delivered the opinion of the court.
Upon the return of this cause from this court, (where the judgment first obtained had been reversed,) to the court below, and after issues were made up between the parties, according to the former opinion of this court, a jury was called to try the issues; and the counsel for the appellees, who were defendants in that court, declining to introduce any evidence to the jury, the appellants moved the court to instruct thejury that, if no evidence was introduced by the defendants, they must find for the appellants; but the court refused to give the instructions. ■ Whether, therefore, the instructions ought to have been given, is the first question „ presented for consideration.
In deciding upon this question, it is proper to remark that, as several issues were made up between the parties, it was certainly incumbent upon the jury, if according to the rules of law and evidence, either issue should be in favour of the defendants in that court, to find against the action, although it might be proper, if the others should be in fa-vour of the plaintiffs there, to find as to them against the defendants. Whether, therefore, in the absence of all evidence on the part of the defendants, the jury should have found for the plaintiffs, turns upon the nature of the issues which the jury were called upon to try. For if, by those respective issues, the burthen of proof vyas cast upon the defendants, it was certainly incumbent upon them first to introduce evidence on their part, and upon their failure to do so, the jury might regularly find againt them.
That the burthen of proof, in relation to all the issues, was cast upon the plaintiffs, vye apprehend, from a slight attention to the pleadings, will be abundantly apparent.
Theqfcject of each of the pleas, filed by the defendants, is, to question the consideration upon which the bond, whereon the suit is brought, is founded.
All but one, although differently expressed, alledge,- substantially, that the bond was executed by the defendants in consideration of the supposed liability as endorsers of a bill of exchange, when in truth they were discharged from i?uch liability, by the failure of the plaintiffs 1o give them jiQtice of the non-acceptance of the bill by the drawee.
In a suit on a bond where deft, traverse . the consideration generally,&fails in his proof, the pioduotion of the bond is prima facieev idence of consideration; but if pi'iff replies a special consideration lie takes on himself the burden of proof, and must shew the special consideration — the bond is not competent e-yideiice.
Had issues been taken, by traversing these pleas, as the defendants by alledging the consideration for which the obligation was given, would, in that case, have held the affirmative, they, most clearly, would have been bound to prove the consideration alledged in their pleas.
But the plaintiffs not thinking proper, in the present case, thus to tender issues, hut by replying to those pleas, having alledged a different and distinct consideration for the execution of the bond, and issues being taken by the traverses to those replications, they have (instead of throwing upon their adversary the affirmative of the issues by joining their pleas) taken upon themselves the necessity of proving, the consideration alledged in their replications.
Upon the trial of the issues thus taken to the plaintiffs’ replications, therefore, it became material for them to prove the consideration alledged, and, consequently, without such proof, although nc¡ evidence should have been introduced by the defendants, as to those issues the jury qould not regularly find for the plaintiffs.
Nor do we suppose the nature of the finding, as to those issues, can have been charged by the production of the bond upon which the suit was brought.
: The bond, it is true, imports, prima facie, a valuable consideration, and upon the trial of an issue taken to the pica, denying the bond to have been given upon any valuable consideration, it would, no doubt, have been sufficient evidence to authorise a finding upon that issue in favor of the plaintiffs; and as the other plea, not already noticed, is one of that character, as to that plea, the jury might properly have found for the plaintiffs.
But, although evidence of a valuable consideration, the bond was certainly not competent to prove any special consideration; and as, by the other issues, the plaintiffs had taken upon themselves the burthen of proving the particular consideration alledged in their replication, other evidence ought to. have been introduced by them b^ore they cou d have been entitled to a a verdict in relation to those issues against the defendants; and, consequently, the court decided correctly under the state of the pleading, in refusing to instruct the jury, as required by the plaintiffs.
If, then, by the pleadings, it became necessary for the appellants to prove the bond upon which the suit is brought, was given upon the consideration alledged in their replication, it is proper to enquire whether the court be» *333 low decided correctly, upon the further motion of the appellants, the plaintiffs in that court, in refusing to instruct tlie jury, that if they believed, from the evidence, that the bill of exchange, on a compromise between the parties, was given by the appellants and received by the appellee, Ralston, as the consideration of the bond, they ought to find for the appellants.
Evidence liable to the acil0n but not súpport-⅛üíe is?ue |sienp™ rejected by the court,
Hughes and Littell for appellants, Hardin contra.
As the delivery of the bill is alledged by the replication to have been the consideration of the bond, there is doubt, but upon proof of that fact, the jury ought to have found for the appellants; but, as there is nothing in the record from which it can be inferred, that any evidence conduced to shew that the delivery of the bill constituted any part of the consideration, it is impossible for this court to say that the court below erred in refusing to give the instructions asked for, to the jury.
But it is, moreover, contended, that the court erred in rejecting evidence introduced upon the trial by the appellants.
The rejected evidence appears to have been offered for the purpose of proving that the appellees had received from the drawee of the original bill, its full amount; but as that receipt, although it might authorise a recovery against the appellees in an action for money had and received to the use of the appellants, yet, as it came to the hands of the appellees since the commencement of the present suit, it certainly could not (especially as the receipt of the money is not even alledged in the pleadings to have formed any part of the consideration of the bond) furnish any legitimate de-fence: and if so, as it was foreign to the issue, the court, most clearly, properly refused to permit it to be used before the jury.
The judgment must, therefore, be affirmed with cost.